UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSHUA HOLDSWORTH,
      Plaintiff,
 v.

UNITED STATES OF AMERICA,
L&D JOHNSON PLUMBING & HEATING, INC.,
a/k/a U.S. Veterans Constructions & Management Corp.,

      Defendants.

**DECISION**
**and**
**ORDER**

**11-CV-889A(F)**

APPEARANCES:  HOGANWILLIG
        Attorneys for Plaintiff
        TERESA A. BAILEY, of Counsel
        2410 North Forest Road, Suite 301
        Getzville, New York 14068

        WILLIAM J. HOCHUL, JR.
        UNITED STATES ATTORNEY
        Attorney for Defendant United States
        GAIL Y. MITCHELL,
        Assistant United States Attorney, of Counsel
        Federal Centre
        138 Delaware Avenue
        Buffalo, New York 14202

        BARTH, SULLIVAN & BEHR
        Attorneys for Defendant L&D Johnson Plumbing
        LAURENCE D. BEHR, of Counsel
        43 Court Street, Suite 600
        Buffalo, New York 14202

  In this Federal Tort Claims Act action, Defendant, United States of America, ("Defendant") moved to dismiss based on a lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) ("Defendant's motion") (Doc. No. 14). By papers filed April 10, 2012, Defendant asserts that it is immune from liability based on the discretion any function exception to the FTCP and that Plaintiff's action against it is also barred under

the Independent Contractor Doctrine (Doc. No. 22 ¶ ¶ 36-37). In opposition, Plaintiff contends he is unable to oppose Defendant's motion without adequate discovery. Co-Defendant, L&D Johnson Plumbing & Heating, Inc. ("Co-Defendant L&D") also opposes Defendant's motion on the merits and alternatively requests discovery directed to the two grounds asserted in support of Defendant's motion (Doc. No. 23 at 18). Upon review of the Defendant's motion papers, the opposition of Plaintiff and Co-Defendant L&D, the court finds that discovery limited to Defendant's assertion of the discretionary function exception and independent contractor doctrine as grounds for Defendant's motion is warranted. *See Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) (citing *Kamen v. American Telephone & Telegraph Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) ("party asserting jurisdiction [ ] permitted discovery of facts demonstrating jurisdiction")). Such limited discovery may proceed for a **90-day period** commencing upon service of this Decision and Order. Defendant's motion (Doc. No. 14) is therefore DISMISSED without prejudice to refiling <u>within 30 days</u> following the end of the 90-day discovery period. An order scheduling Plaintiff's and Co-Defendant L&D's further responses and Defendant's reply will be entered by the court following the expected re-filing of Defendant's motion which shall include consideration of the results of the limited discovery permitted hereunder.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 27, 2012
      Buffalo, New York