**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

JOSHUA HOLDSWORTH,

                Plaintiff,

        v.                                        11-CV-0889A(F)
                                                              **ORDER**

L&D JOHNSON PLUMBING & HEATING, INC.,
a/k/a U.S. VETERANS CONSTRUCTION &
MANAGEMENT CORP.,

                Defendants.
_____

      This case arises out of a personal injury the Plaintiff allegedly sustained while working on a construction project at the Veterans Affairs hospital (the VA) in Buffalo. The Plaintiff brought claims under the Federal Tort Claims Act against both the United States, as owner of the VA, and L&D Johnson Plumbing & Heating, Inc., (L&D) the prime contractor on the construction project. L&D and the United States then filed cross-claims against each other for indemnification and contribution.

      On June 28, 2016, Judge Telesca, to whom the Court transferred this matter, adopted Magistrate Judge Foschio's Report and Recommendation, thereby dismissing the United States as a party. *See* Docket No. 68. After issuing his Decision and Order, Judge Telesca transferred the matter back to this Court. The Court then issued an order directing the remaining parties—Joshua Holdsworth and L&D Johnson Plumbing & Heating, Inc.—to show cause why this case should not be dismissed for lack of subject matter jurisdiction. The Complaint alleges that Holdsworth is a New York

resident and that L&D is a New York corporation with its principal place of business in New York.  *See* Docket No. 1 ¶¶ 1, 3.

In response, L&D states that the Court must sua sponte dismiss this case pursuant to Federal Rule of Civil Procedure 12(h)(3), which provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Holdsworth states that he is now "actively pursuing this matter" in New York State court.

The Court finds that, in light of Judge Telesca's order dismissing the United States as a party to this case, the only apparent remaining basis for subject matter jurisdiction—diversity jurisdiction—is lacking.  Pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court therefore dismisses this action.

**SO ORDERED.**

Dated: July 27, 2016                                     _s/Richard J. Arcara_____
      Buffalo, New York                              HONORABLE RICHARD J. ARCARA
                                                                 UNITED STATES DISTRICT JUDGE